UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No. 03-120 (KSH) |
| v. | : | |
| CHARLES PAUL HOFFECKER, | : | OPINION |
| Defendant. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

I.  INTRODUCTION

Defendant, Charles Paul Hoffecker, was convicted by a jury of conspiracy and mail fraud. Presently pending before this Court are his motion to alter the criminal judgment against him pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3) (*see* Dkt. No. 401)[1] and a separate motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Dkt. No. 407.) For the following reasons, this Court lacks jurisdiction to consider Defendant's Rule 60(b)(2) and (3) motion as it constitutes an unauthorized second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant's motion for a reduction of sentence is denied as moot.

II.  BACKGROUND

This Court described the extensive factual underpinnings of Defendant's criminal conviction in his 28 U.S.C. § 2255 proceedings (*see* Civ. No. 09-5991 Dkt. No. 22 at 1-5) and need not do so again here. Briefly, however, a jury convicted Defendant on three counts of mail fraud and one count of conspiracy to commit mail and wire fraud in March, 2006. (*See* Dkt. No.

---

[1] Unless expressly noted, docket number entries refer to documents filed in this criminal action number.

310; *see also*, Dkt. No. 344.) Defendant received a sentence of 210 months imprisonment to be followed by three years of supervised release. (*See* Dkt. No. 344.)

The Third Circuit affirmed Defendant's judgment of conviction and sentence on direct appeal. *See United States v. Hoffecker*, 530 F.3d 137 (3d Cir. 2008). On December 1, 2008, the United States Supreme Court denied Defendant's petition for writ of certiorari. *See Hoffecker v. United States*, 555 U.S. 1049 (2008).

In November, 2009, Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 raising numerous claims of ineffective assistance of trial and appellate counsel, which the Court denied in full. (*See* Civ. No. 09-5991, Dkt. Nos. 22 & 23.) The Court denied a certificate of appealability, as did the Third Circuit. (*See* Civ. No. 09-5991, Dkt. Nos. 27, 30.)

In May, 2018, Defendant filed a motion in the Third Circuit seeking authorization to file a second or successive § 2255. (*See* C.A. 18-1997.) He claimed that the government's prosecution against him was illegal because two of the three counts of mail fraud were time-barred. (*See* C.A. 18-1997, May 24, 2018 Mot. at 6-7.) Defendant based this motion on facts he purportedly discovered after the unsealing of another case filed in this District, Misc. No. 16-248. Defendant claimed that what he discovered constituted new evidence authorizing him to file a second or successive § 2255 motion.

The government opposed (*see* C.A. 18-1997, May 29, 2018 Resp. Opp'n), and the Third Circuit denied Defendant's application:

> Petitioner has failed to make a prima facie showing that his proposed claim meets the standard set forth in 28 U.S.C. § 2255(h)(2). Specifically, Hoffecker has not shown that his "newly discovered evidence," if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. *See United States v. Williams*, 790 F.3d 1059, 1081

>  (10th Cir. 2015) (noting that petitioner has the burden under § 2255(h) to establish "a prima facie case of *actual innocence*") (emphasis added); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency").

(C.A. 18-1997, 3d Cir. June 20, 2018 Order).

In July 2018, or after the Third Circuit denied Defendant's request to file a second or successive § 2255 motion, Defendant filed an almost identical motion in this Court seeking relief from his criminal judgment, albeit this time under Federal Rule of Civil Procedure 60(b)(2) and (3). (*See* Dkt. No. 401.) He makes the same arguments as in his May, 2018 filing, to wit that two counts of mail fraud he was convicted of were actually time-barred. He again bases this claim on evidence he discovered due to the unsealing of Misc. No. 16-248.

In March, 2019, Defendant also filed a motion to release him to home detention or time-served pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). This motion also remains pending. Defendant was released from custody of the Bureau of Prisons on February 11, 2020. *See https://www.bop.gov/inmateloc/* (last visited on December 28, 2021).

### III.  DISCUSSION

A. <u>Defendant's Rule 60(b) Motion</u>

Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3) state as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . .
>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

Defendant bases his new evidence claim under Rule 60(b)(2) from evidence within the unsealed case. Defendant alleges fraud under Rule 60(b)(3), arguing that the government was always in possession of the documents establishing that two of the mail fraud counts were time-barred.

      i.    *Jurisdiction to consider Rule 60(b)(2) and (3) motion*

Initially, this Court notes that Defendant invokes Federal Rule of *Civil* Procedure 60(b)(2) and (3) in this criminal action. However, relying on this Rule of *Civil* Procedure to alter the judgment in this criminal action is inappropriate. *See Murphy v. United States*, 836 F. App'x 84, 85-86 (3d Cir. 2021) (noting Federal Rule of Civil Procedure 60(b) does not apply to criminal cases); *United States v. Knight*, 315 F. App'x 435 (3d Cir. 2009) (noting Rule 60(b) not applicable to criminal cases). Nevertheless, given Defendant also pursued *civil* relief through his § 2255 proceedings (*see* Civ. No. 09-5991), this Court will analyze Defendant's Rule 60(b) motion further in this particular instance.

The Court has jurisdiction to consider his Rule 60(b)(2) and (3) motion only if it is "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new § 2255 motion." *United States v. Donahue,* 733 F. App'x 600, 602-03 (3d Cir. 2018) (citing *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)); *see also United States v. Morgan*, Crim. No. 12-23, 2018 WL 3618251, at *5 (E.D. Pa. July 27, 2018). For the following reasons, Defendant's Rule 60(b)(2) and (3) motion constitutes a second or successive § 2255 motion that lacks the required authorization from the Third Circuit to be considered by this Court.

"When [a] Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir. 2004). In such cases where a petitioner fails to obtain authorization to

4

file such a petition, a district court is without jurisdiction to entertain it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (Petitioner "was required to receive authorization from Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.").

A petitioner may bring a successive § 2255 motion only in limited circumstances:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A Rule 60(b) motion will not be treated as a successive habeas petition "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." *Pridgen*, 380 F.3d at 727. In such cases, courts may consider the merits of the Rule 60(b) motion. *Id.*

In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the United States Supreme Court stated that a motion to set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b) that seeks to add a new claim for relief qualifies as a second or successive habeas petition that requires pre-certification from the appropriate Court of Appeals to be filed. The Supreme Court explained that a "claim" "is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. As the Third Circuit has noted, where

> the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be

5

> adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen*, 380 F.3d at 727 (3d Cir. 2004). While *Gonzalez* involved a proceeding under § 2254, "courts have applied the reasoning of *Gonzalez* to § 2255 cases." *See Donahue*, 733 F. App'x at 603 n.3 (citing *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014)).

Petitioner clearly challenges his underlying conviction in this Rule 60(b)(2) and (3) motion. Indeed, he requests this Court vacate his convictions on two mail fraud counts and seeks his immediate release or that this Court vacate his sentence and remand the case for retrial. (*See* Dkt. No. 401 at 20). As his motion challenges his underlying criminal conviction rather than a procedural defect from his prior § 2255 proceedings, it constitutes an unauthorized second or successive § 2255 motion.[2] Because this Court lacks jurisdiction to consider Defendant's Rule 60(b)(2) and (3) motion, it need not consider the government's alternative arguments that Defendant's motion is untimely and/or fails on the merits.

    ii.    *Certificate of Appealability*

To the extent a certificate of appealability is necessary for Defendant to appeal the denial of his Rule 60(b)(2) and (3) motion, it is denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United

---

[2] This Court does not find it is in the interest of justice to transfer Defendant's Rule 60(b)(2) and (3) motion to the Third Circuit so that it could consider it as a request to file a second or successive § 2255 motion. Indeed, the Third Circuit previously denied Defendant's request to file a second or successive § 2255 motion raising practically identical issues. (*See* C.A. 18-1997).

6

States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As can be seen from the above discussion, Defendant has failed to make such a showing here.

B. Defendant's Motion Pursuant to 18 U.S.C. 3582(c)(1)(A).

In March, 2019, Defendant filed a motion seeking release to home confinement or time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Dkt. No. 407 at 2.) That statutory provision states as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in

> prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A).

As noted *supra*, Defendant was released from custody on February 11, 2020. Accordingly, to the extent he seeks relief pursuant to § 3582(c)(1)(A), Defendant's motion is now moot. *See Hirano v. United States*, Crim. No. 99-465, 2020 WL 1861659, at *4 (D. Haw. Apr. 13, 2020) (finding that the defendant's motion under § 3582(c)(1)(A) was moot because he was no longer imprisoned); *Kyle v. United States*, No. 17-29, 2020 WL 760396, at *2 (N.D. W. Va. Feb. 14, 2020) (denying motion for compassionate release under § 3582(c)(1)(A) as moot because the defendant had already completed his term of imprisonment). While Defendant is presumably still serving the remainder of his three-year term of supervised release, that does not affect mootness in this instance. *See, e.g.*, *United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021) (motion for compassionate release denied as moot even where defendant is on supervised release because defendant's motion focused solely on why he should be released from *prison*, not on why his sentence should be reduced due to some procedural or substantive error in his original sentence or because changes in the law may have made his original sentence too harsh).

In addition to citing to § 3582(c)(1)(A), Defendant alludes to seeking relief pursuant to the "Eligible Elderly Offender" provisions of the First Step Act. (*See* Dkt. No. 407 at 10). "Under 34

8

U.S.C. § 60541(g), the First Step Act of 2018 re-established and expanded a pilot program under the Second Chance Act to move elderly and terminally ill inmates into home confinement." *Reagan v. Wells*, No. 21-507, 2021 WL 1877060, at *2 (N.D. Tex. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1872580 (N.D. Tex. May 10, 2021) (citing *United States v. Williams*, 2020 WL 3078599, at *1 (E.D. Tex. June 9, 2020) (citing § 60541(g)(1)(A))).

> [U]nder § 60541, "the Attorney General *may release* some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender or eligible terminally ill offender." *Id.* § 60541(g)(1)(B) (emphasis added). To qualify for the pilot program, an elderly offender must (1) be "not less than 60 years of age"; (2) be serving a term of imprisonment, but not life imprisonment, based on a conviction for an offense that does not include a crime of violence, a sex offense, acts of terrorism, or have a prior history of committing such offenses; (3) have served 2/3 of his original term of imprisonment; (4) have not escaped, or attempted to escape, from a BOP facility; (5) show that the BOP will save money through his home detention; and (6) show the BOP has determined that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id.* § 60541(g)(5)(A). An eligible terminally ill offender must meet the criterion (1) through (6) above, and he must also have been determined by a BOP-approved medical doctor to be "(l) in need of care at a nursing home, intermediate care facility, or assisted living facility ... (ll) diagnosed with a terminal illness." *Id.* § 60541(g)(5)(D).

*Reagan*, 2021 WL 1877060, at *2 (emphasis in original).

Defendant does not dispute that he was placed on home confinement on May 1, 2019 under the Elderly Home Confinement Pilot Program. (*See* Dkt. Nos. 411-1 & 411-2). Therefore, in addition to the fact that he was released from *prison* as of February 11, 2020, any claim for relief under the Elderly Home Confinement Pilot Program is now also moot.[3] *See Reddrick v. Shartle*, No. 09-1383, 2011 WL 3298597, at *3 (N.D. Ohio Aug. 2, 2011); *Ryder v. United States*, No. 19-

---

[3] This Court need not analyze the government's alternative argument that this Court would lack authority to grant relief because any claim for relief is now moot.

345, 2021 WL 3161172, at *1 (D. Or. Mar. 30, 2021), *report and recommendation adopted by*, 2021 WL 3145970 (D. Or. July 25, 2021) (release from custody mooted claim petitioner should be placed on home confinement pursuant to elderly offenders' pilot program); *Echevarria v. Warden, FCC Beaumont Low*, No. 20-116, 2021 WL 1397203, at *1 (E.D. Tex. Mar. 17, 2021), *report and recommendation adopted by*, 2021 WL 1391446 (E.D. Tex. Apr. 12, 2021) (petitioner's admission to elderly home confinement pilot program mooted claim he be placed in the program).

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Rule 60(b)(2) and (3) motion is denied as it constitutes an unauthorized second or successive § 2255 motion.  A certificate of appealability shall not issue on that motion.  Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied as moot.  An appropriate order will be entered.


DATED:  December 28, 2021                                         s/ Katharine S. Hayden
                                                                                      KATHARINE S. HAYDEN
                                                                                      United States District Judge